AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
**FILED**
NOV - 2 2019
David J. Bradley, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Jeremy La-Marque Boniaby | ) | Case No. H19-2056M |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 1, 2019__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 1951(a) and 2 | Aiding and Abetting Attempted interference with Commerce by Robbery |
| 18 USC 924(c)(1)(A)(iii) and 2 | Aiding and Abetting the Discharge of a Firearm During and in Relation to a Crime of Violence |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

David Helms, Task Force Officer, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: 11/2/19

_____
Judge's signature

City and state: Houston, TX

Peter Bray, United States Magistrate Judge
Printed name and title

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Sergeant David Helms, affiant, hereby depose and state the following:

1. I am a Task Force Officer with the Federal Bureau of Investigation (hereafter "FBI") and a Sergeant with the Houston Police Department (hereafter "HPD") and have been employed by HPD since May 2006. During my employment with HPD and the FBI, I have trained in investigations relating to violations of the United States Federal Criminal Code, including Title 18 of the United States Code (hereafter "USC"), specifically criminal violations involving organized crime, bank robbery, kidnapping, interference with commerce by threats or violence, and extortions. I am currently assigned to the Houston Division of the FBI, Violent Crime Task Force (hereafter "VCTF"), and have been since April 2016. My primary investigative responsibilities include crimes occurring within the United States District for the Southern District of Texas.

2. The facts contained in this affidavit are based upon information provided to me by other law enforcement officers, other witnesses, and my own personal knowledge. Since this affidavit is made for the limited purpose of supporting a Criminal Complaint, I have not set forth each and every fact learned during the course of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause for the crimes charged. Unless otherwise indicated, where actions, conversations, and statements of others are related herein, they are related in substance and in part only.

3. On November 1, 2019, your Affiant was present during an attempted robbery of a Garda World truck at 16244 S. Post Oak Rd., Houston, TX, 77053, and within the Southern District of Texas. Affiant in conjunction with the Houston Police Department's Criminal Apprehension Team (hereinafter CAT), Special Weapons & Tactics (hereinafter SWAT), and FBI Violent Crime Task Force (hereinafter VCTF) investigated an armored car robbery crew that resulted in the attempted robbery. At approximately 11:32 A.M. I observed a previously reported stolen white Ford F-250 parked at a car wash, Automation Washateria, at 16101 S. Post Oak, bearing Texas license plate KPG4802 with a full view of the Walgreens at 16244 S. Post Oak Rd. Houston, TX 77053. Garda armored truck, route #30, driven by Houston Police Department SWAT headed south on S. Post Oak till it entered the parking lot of its scheduled stop at Walgreens. Affiant observed the previously reported stolen leave the parking lot of the car wash and follow the Garda truck into the Walgreens lot. Affiant spoke directly with Officer CARLOS CALDERON (hereinafter CALDERON) who stated he was parked in the parking lot of the Walgreens in an unmarked vehicle with full view of both the armored truck and stolen Ford F-250. CALDERON stated as the armored truck entered the parking lot of Walgreens it moved toward the front entrance of the business for its scheduled stop. CALDERON stated he observed the armored vehicle open its door. CALDERON stated as the armored truck opened its door a passenger in the stolen Ford F-250 opened the rear passenger door. After hearing radio transmission of the suspect vehicle approaching, SWAT Officers inside the Garda truck quickly closed the door to the armored truck.

4. As Officers converged on the stolen vehicle, the vehicle fled the parking lot traveling over a median at S. Post Oak and entering a strip center in the 16100 block of S. Post Oak. The stolen vehicle driven by identified subject JEREMY LA-MARQUE BONIABY (hereinafter

BONIABY) drove to the rear of the strip center across from the Walgreens. At the very north end of the parking lot, BONIABY exited the vehicle wearing gloves and a hooded sweatshirt. BONIABY fled on foot while SWAT pursued. Commander LARRY BAIMBRIDGE (hereinafter BAIMBRIDGE) took BONIABY into custody while he ran southbound through the strip center. Subject CORDERAS EMMANUEL SIMMONS (hereinafter SIMMONS) exited the back seat of the vehicle, fled on foot and was taken into custody by Houston Police Department SWAT. SIMMONS was shedding his gloves and a mask as he ran from law enforcement. The front seat passenger, later identified as BRODNEY LAMAR GARDNER (hereinafter GARDNER), exited the stolen vehicle with an assault rifle which he discharged at Houston Police Department SWAT. SWAT returned fire striking the GARDNER. The GARDNER was taken to Memorial Hermann for treatment.

5. BONIABY was interviewed at which time he was read his statutory warnings and agreed to speak with Affiant and Special Agent JEFF COUGHLIN (hereinafter COUGHLIN). BONIABY stated he was in the stolen vehicle with SIMMONS and the GARDNER who he knew as "BRAES". BONIABY stated his role was to drive the stolen vehicle. BONIABY stated he knew the intended target was the Garda armored truck while it delivered at the Walgreens. BONIABY stated he knew the GARDNER had an assault rifle. BONIABY stated he knew the GARDNER in the front seat passenger side had a mask on when they approached the armored truck. BONIABY stated the GARDNER picked him up in the morning and drove him to the stolen vehicle. BONIABY stated he then drove to a neighboring area close to the Walgreens where SIMMONS and the GARDNER entered the stolen vehicle. BONIABY stated he remained in the vehicle with SIMMONS and the GARDNER at the car wash until observing the Garda armored truck.

6. Based on the foregoing facts, your Affiant believes there is probable cause to believed that on November 1, 2019, CORDERAS SIMMONS, JEREMY BONIABY, and GARDNER aiding and abetting each other knowingly and intentionally attempted to take and obtain property from Garda World by means of actual and threatened force, violence, and fear of injury to those in lawful possession of that property and SIMMONS, BONIABY, and GARDNER did obstruct, delay and affect interstate commerce and the movement of articles and commodities in commerce by means of robbery in violation of Title 18 U.S.C. Section 1951(a) and 2.

7. Further based on the forgoing your Affiant believes there is probable cause to believe that on November 1, 2019, CORDERAS SIMMONS, JEREMY BONIABY, and GARDNER aiding and abetting each other knowingly and intentionally discharged a firearm during and in relation to a crime of violence that being interference with commerce by robbery in violation of Title 18 U.S.C. Section 924(c)(1)(A)(iii) and 2.

_____
TFO David Helms
Houston Police Department

Sworn to before me and subscribed in my presence this 2 day of ~~October~~ November 2019, and I find probable cause exists.

_____
Peter Bray
United States Magistrate Judge